UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.: 6:15-CV-1369-Orl-37KRS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RAOUL MOSQUERA, ) | **MOTION FOR ENTRY** |
| ) | **OF DEFAULT JUDGMENT** |
| ) | |
| Defendant. ) | |
| _____) | |

The undersigned counsel, on behalf of Plaintiff, the United States of America, moves this Court for entry of default judgment as to Defendant, Raoul Mosquera, upon the complaint heretofore filed and served upon the Defendant, in accordance with the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure.

Plaintiff will rely upon the annexed Memorandum of Law, together with the materials attached hereto, in support of this Motion.

## MEMORANDUM OF LAW FOR DEFAULT FINAL JUDGMENT

1. As more fully set forth in the Declaration for Entry of Default filed on behalf of Plaintiff herein, the Defendant has been duly served with the Plaintiff's Summons and Complaint in accordance with provisions of Rule 4(c)(1), Federal Rules of Civil Procedure, and has failed to answer or otherwise formally respond within the time period prescribed by Rule 12(a) Federal Rules of Civil Procedure.

2. The default of the Defendant has been formally entered by the Clerk of this Court. A copy of the default is attached hereto as Exhibit "A".

3. Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, this court is empowered to enter default judgment against the Defendant for relief sought by Plaintiff in its complaint, and written notice of this action has been given to the Defendant.

4. Attached hereto and made part hereof is a copy of the Affidavit of Debt, duly sworn to and

and subscribed, prepared and submitted on behalf of the Small Business Administration, an agency of the United States of America, on whose behalf this action is brought. See Exhibit "B". As of January 5, 2016 there is due and owing to Plaintiff from Defendant the following sums:

| Claim number | Interest rate | Principal | Interest | Total |
|---|---|---|---|---|
| DLB 84347040-08 | 2.90% | $7,763.40 | $2,539.11 | $10,302.51 |
| Fee for Service | | | | $45.00 |
| Attorney's Fees | | | | $980.00 |
| Total | | | | $11,327.51 |

Together with interest thereafter to the date of entry of judgment per year in accordance with the provisions of 4 C.F.R. §102.13, and together with costs taxed in accordance with the provisions of the promissory note and guaranty, and attorney's fees as itemized in Exhibit "C", pursuant to Paragraph 6 of the Promissory Note (Exhibit "E"). Pursuant to 31 U.S.C 3717 (e) and 31 U.S.C. 3711 (g)(6), and the below language in the promissory note and guaranty, the Government is entitled to attorney's fees.

Promissory Note Language (paragraph 6):

"... expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs."

Guaranty language:

"Enforcement expenses. Guarantor promises to pay all expenses SBA incurs to enforce this guarantee, including but not limited to, attorney's fees and costs"

WHEREFORE, Plaintiff requests the entry of default judgment against Defendant, Raoul Mosquera, for the amounts due and owing to it, and has attached hereto a proposed form of Default Judgment.

CASE NO.: 6:15-CV-1369-Orl-37KRS

## BILL OF COSTS

1. Plaintiff, the United States of America, is entitled to recover of Defendant, Raoul Mosquera, as its costs in this proceeding, the following statutory costs for the litigation of this action, and makes no claim for fees, disbursements or costs other than as set forth:

    A. Service of Process                      $45.00

            TOTAL                      $45.00

I, Steven M. Davis, do hereby certify that the statements and allegations set forth in the foregoing Motion, Memorandum and Bill of Costs are true and accurate to the best of my knowledge and belief.

Dated: January 15, 2016  
Miami, Florida

Respectfully submitted,

Steven M. Davis,  
Florida Bar No. 894249)  
Email: sdavis@becker-poliakoff.com  
121 Alhambra Plaza – 10th Floor  
Coral Gables, FL 33134  
Telephone: (305) 262-4433  
Facsimile: (305) 442-2232  
Attorneys for Plaintiff  
United States of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing was served by Regular US Mail to Raoul Mosquera, 625 Dartmouth Avenue, Melbourne, FL 32901 on 15 day of January, 2016.

_____
Steven M. Davis

ACTIVE: U06092/093890:8003266_1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No:  6:15-cv-319-Orl-22KRS

RAOUL MOSQUERA,

    Defendant.

## ENTRY OF DEFAULT

Pursuant to Fed.R.Civ.P. 55(a), default is entered against the defendant **RAOUL MOSQUERA** in Orlando, Florida on the 31st day of March, 2015.

SHERYL L. LOESCH, CLERK

s/M.A.Pleicones, Deputy Clerk

Copies furnished to:

Counsel of Record



## AFFIDAVIT OF DEBT

STATE OF ARKANSAS

COUNTY OF PULASKI

Nique Carrington, being duly sworn, deposes and says that: She is the Director of the Little Rock Commercial Loan Servicing Center of U.S. SMALL BUSINESS ADMINISTRATION (hereinafter referred to as "SBA"), an Agency of the United States Government established by the Small Business Act of 1953 (67 Stat. 232, 15 U.S. Code 631, as amended) having its principal office at Washington, D.C. and a Commercial Loan Servicing Center at Little Rock, and that as such Director she is authorized to and does make, execute and file this Affidavit of Debt on behalf of SBA, pursuant to Delegation of Authority, No. 30, Region I: Rev. 1, dated March 6, 1974, published in Federal Register Volume 39, No. 45, Page 8678.

1. On or about January 9, 2005, pursuant to an Authorization duly approved under Loan Docket No. 8434704008 SBA approved a loan to Del Sol Grille, L.C in the sum of EIGHTY-ONE THOUSAND DOLLARS ($81,000).
2. Said indebtedness is evidenced by a Promissory Note dated February 3, 2005, executed by and payable to the order of Del Sol Grille, L.C., in the principal sum of $81,000 bearing interest from the date of each advance at the variable rate of TWO AND NINE TENTHS percent (2.90%) per annum.
3. The total amount of owed at charge-off was $7,763.40 plus interest of $159.40 to date, July 23, 2007.
4. The total amount owed as of December 16, 2015 is $7,763.40 principal plus interest of $2,527.41 for a total of $10,290.81 indebtedness.



EXHIBIT B

5. Further evidence of indebtedness, specifically under the SBA Direct Loan Program, is evidenced by the SBA Form 2121, titled SBA Unconditional Guarantee, executed by Raoul Mosquera.
6. SBA is the holder of said Promissory Note.
7. Demand for payment in full of the entire balance of principal on the debt evidenced by the Promissory Note has been made.

U.S. SMALL BUSINESS ADMINISTRATION

_____
Nique Carrington, Center Director


Subscribed and sworn to before me, Denine Graham, this 16th day of December 2015.

_____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAOUL MOSQUERA,

Defendants.

CIVIL ACTION

CASE NO.: 6:15-cv-1369-Orl-37KRS

## DECLARATION OF ATTORNEY'S FEES

**STATE OF FLORIDA** )
: *ss*
**COUNTY OF MIAMI-DADE** )

BEFORE ME, the undersigned authority, personally appeared Steven M. Davis who after being duly sworn, deposes and says:

1. The undersigned is counsel for the Plaintiff herein and has personal knowledge of the facts contained in this Affidavit.

2. That he has expended time associated with the Motion for Summary Judgment, was the timekeeper for same, and seeks an award of attorney's fees for work done as follows:

| | |
|---|---|
| Review of documents prior to suit | 0.5 hr. |
| Preparation of Correspondence to the Defendant | 0.5 hr. |
| Preparation and review of complaint | 1.0 hr. |
| Review of Order and Notice of Designation | 0.3 hr. |
| Review and Preparation of Executed Return of Service | 0.2 hr |
| Preparation of Motion for Clerk's Entry of Default | 0.5 hr. |
| Motion for Default Judgment | 1.0 hr. |
| Judgment abstract prepared for submission to recording | 0.5 hr. |

|  |  |
|---|---|
| Preparation of Interrogatories and Request for Production in Aid of Execution | 0.4 hr. |
| Total amount of time spent: | 4.9 hrs |

3. Plaintiff's counsel is entitled to attorney's fees pursuant to contract.

4. The undersigned has fully reviewed the time records and supporting data and this Motion is well grounded in fact and justified.

5. Plaintiff's counsel has attempted to resolve this matter with the Defendant; however the parties are unable to resolve this issue.

6. The undersigned's usual and customary fee is $200.00 per hour.

7. Based on the hours expended, and the undersigned's usual and customary fee, a reasonable award of attorney's fees is requested in the amount of $980.00.

8. The Plaintiff does not request a hearing on this matter at this time.

FURTHER AFFIANT SAYETH NAUGHT

_____
Affiant's Signature

_____
NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:

CARLOS A. GARCIA
MY COMMISSION # EE 204240
EXPIRES: July 7, 2016
Bonded Thru Notary Public Underwriters

Investigative Process Service, Inc.
P. O. Box 3551
Orlando, FL 32802-3551
Phone: (407) 426-7433
Fax: (407) 426-6968
Tax No: 20-4558353

# INVOICE

Invoice #ILS-2015006882
9/1/2015

Steven M. Davis, Esq. (4)
Becker & Poliakoff, P.A.
121 Alhambra Plaza
10th Floor
Coral Gables, FL 33134

**Case Number: Middle 6:15CV1369-ORL-37KRS**

Plaintiff:
**United States of America**

Defendant:
**Raoul Mosquera**

Received: 8/17/2015   Served: 8/22/2015 11:03 am   SUBSTITUTE-PLACE OF ABODE
To be served on: Raoul Mosquera

## ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Service Fee | 1.00 | 45.00 | 45.00 |
| Tax | 1.00 | 6.50% | 0.00 |
| **TOTAL CHARGED:** | | | **$45.00** |
| **BALANCE DUE:** | | | **$45.00** |

ORIGINAL AFFIDAVIT OF [EXHIBIT D] FOR FILING WITH THE COURT.

Copyright © 19__   Server's Toolbox V6.5m



| | U.S. Small Business Administration | Date: February 3, 2005 |
|---|---|---|
| | **NOTE** | Loan Amount: $81,000.00 |
| | (SECURED DISASTER LOANS) | Annual Interest Rate: 2.900% |

Control # 3620-00249                Loan # DLB 84347040-08

1. **PROMISE TO PAY:** In return for a loan, Borrower promises to pay to the order of SBA the amount of <u>Eighty-One Thousand and no/100</u> Dollars, interest on the unpaid principal balance, and all other amounts required by this Note.

2. **DEFINITIONS:** A) "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note. B) "Guarantor" means each person or entity that signs a guarantee of payment of this Note. C) "Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

3. **PAYMENT TERMS:** Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of <u>$353.00</u> every <u>month</u> beginning <u>Twelve (12)</u> months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will then apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable <u>Thirty (30) Years</u> from the date of the Note.

4. **DEFAULT:** Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: A) Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents; B) Defaults on any other SBA loan; C) Sells or otherwise transfers, or does not preserve or account to SBA's satisfaction for, any of the Collateral or its proceeds; D) Does not disclose, or anyone acting on their behalf does not disclose, any material fact to SBA; E) Makes, or anyone acting on their behalf makes, a materially false or misleading representation to SBA; F) Defaults on any loan or agreement with another creditor, if SBA believes the default may materially affect Borrower's ability to pay this Note; G) Fails to pay any taxes when due; H) Becomes the subject of a proceeding under any bankruptcy or insolvency law; I) Has a receiver or liquidator appointed for any part of their business or property; J) Makes an assignment for the benefit of creditors; K) Has any adverse change in financial condition or business operation that SBA believes may materially affect Borrower's ability to pay this Note; L) Dies; M) Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent; or, N) Becomes the subject of a civil or criminal action that SBA believes may materially affect Borrower's ability to pay this Note.

5. **SBA'S RIGHTS IF THERE IS A DEFAULT:** Without notice or demand and without giving up any of its rights, SBA may: A) Require immediate payment of all amounts owing under this Note; B) Have recourse to collect all amounts owing from any Borrower or Guarantor; C) File suit and obtain judgment; D) Take possession of any Collateral; or, E) Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6. **SBA'S GENERAL POWERS:** Without notice and without Borrower's consent, SBA may: A) Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses; B) Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand immediate reimbursement from Borrower or add the expenses to the principal balance; C) Release anyone obligated to pay this Note; D) Compromise, release, renew, extend or substitute any of the Collateral; and E) Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7. **WHEN FEDERAL LAW APPLIES:** When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

SBA FORM 147 B (5-00) Previous editions obsolete                Page 1


EXHIBIT E

8. GENERAL PROVISIONS: A) All individuals and entities signing this Note are jointly and severally liable. B) Borrower waives all suretyship defenses. C) Borrower must sign all documents required at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral. D) SBA may exercise any of its rights separately or together, as many times and in any order it chooses. SBA may delay or forgo enforcing any of its rights without giving up any of them. E) Borrower may not use an oral statement of SBA to contradict or alter the written terms of this Note. F) If any part of this Note is unenforceable, all other parts remain in effect. G) To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that SBA did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale. H) SBA may sell or otherwise transfer this Note.

9. MISUSE OF LOAN FUNDS: Anyone who wrongfully misapplies any proceeds of the loan will be civilly liable to SBA for one and one-half times the proceeds disbursed, in addition to other remedies allowed by law.

10. BORROWER'S NAME(S) AND SIGNATURE(S): By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

Corporate Seal

Dated this 17 day of February, 2005

Corporate Execution

Del Sol Grille, L.C.

✓ By: _[signature]_

Raoul Mosquera, Managing Member



# U.S. Small Business Adminstration
# UNCONDITIONAL GUARANTEE
# (DISASTER LOANS)

| SBA Loan # | DLB 84347040-08 |
|---|---|
| Control # | 3620-00249 |
| Guarantor | Raoul Mosquera |
| Borrower | Del Sol Grille, L.C. |
| Date | February 3, 2005 |
| Note Amount | $81,000.00 |

1. **GUARANTEE:**

   Guarantor unconditionally guarantees payment to SBA of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when SBA makes written demand upon Guarantor. SBA is not required to seek payment from any other source before demanding payment from Guarantor.

2. **NOTE:**

   The "Note" is the promissory note dated February 3, 2005 in the principal amount of Eighty-One Thousand and no/100 Dollars, from Borrower to SBA. It includes any assumption, renewal, substitution, or replacement of the Note.

3. **DEFINITIONS:**

   "Collateral" means property, if any, taken as security for payment of the Note or any guarantee of the Note.
   "Loan" means the loan evidenced by the Note.
   "Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.
   "SBA" means the Small Business Administration, an Agency of the United States of America.

4. **SBA'S GENERAL POWERS:**

   SBA may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:
   A. Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;
   B. Refrain from taking any action on the Note, the Collateral, or any guarantee;
   C. Release any Borrower or any guarantor of the Note;
   D. Compromise or settle with the Borrower or any guarantor of the Note;
   E. Substitute or release any of the Collateral, whether or not SBA receives anything in return;
   F. Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;
   G. Bid or buy at any sale of Collateral by SBA or any other lienholder, at any price SBA chooses; and



EXHIBIT F

H. Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against SBA.

5. **FEDERAL LAW:**

   When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6. **RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:**

   To the extent permitted by law,
   A. Guarantor waives all rights to:
      1) Require presentment, protest, or demand upon Borrower;
      2) Redeem any Collateral before or after SBA disposes of it;
      3) Have any disposition of Collateral advertised; and
      4) Require a valuation of Collateral before or after SBA disposes of it.
   B. Guarantor waives any notice of:
      1) Any default under the Note;
      2) Presentment, dishonor, protest, or demand;
      3) Execution of the Note;
      4) Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;
      5) Any change in the financial condition or business operations of Borrower or any guarantor;
      6) Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and
      7) The time or place of any sale or other disposition of Collateral.
   C. Guarantor waives defenses based upon any claim that:
      1) SBA failed to obtain any guarantee;
      2) SBA failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;
      3) SBA or others improperly valued or inspected the Collateral;
      4) The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;
      5) SBA impaired the Collateral;
      6) SBA did not dispose of any of the Collateral;
      7) SBA did not conduct a commercially reasonable sale;
      8) SBA did not obtain the fair market value of the Collateral;
      9) SBA did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;
      10) The financial condition of Borrower or any guarantor was overstated or has adversely changed;
      11) SBA made errors or omissions in Loan Documents or administration of the Loan;
      12) SBA did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor;
      13) SBA impaired Guarantor's suretyship rights;
      14) SBA modified the Note terms, other than to increase amounts due under the Note. If SBA modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;
      15) Borrower has avoided liability on the Note; or
      16) SBA has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

3620-00249 / DLB 84347040-08
Del Sol Grille, L.C.

7. **DUTIES AS TO COLLATERAL:**
   Guarantor will preserve the Collateral, if any, pledged by Guarantor to secure this Guarantee. SBA has no duty to preserve or dispose of any Collateral.

8. **SUCCESSORS AND ASSIGNS:**
   Under this Guarantee, Guarantor includes successors, and SBA includes successors and assigns.

9. **GENERAL PROVISIONS:**
   A. ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses SBA incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.
   B. SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.
   C. JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.
   D. DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral.
   E. FINANCIAL STATEMENTS. Guarantor must give SBA financial statements as SBA requires.
   F. SBA'S RIGHTS CUMULATIVE, NOT WAIVED. SBA may exercise any of its rights separately or together, as many times as it chooses. SBA may delay or forgo enforcing any of its rights without losing or impairing any of them.
   G. ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.
   H. SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.
   I. CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by SBA as to the Loan.

10. **GUARANTOR ACKNOWLEDGMENT OF TERMS.**
    Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

11. **GUARANTOR NAME(S) AND SIGNATURE(S):**
    By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

Dated this _14_ day of _February_, 20_05_.

_/s/ Raoul Mosquera_
Raoul Mosquera

STATE OF FLORIDA       )
                       )ss
COUNTY OF _____  )

The foregoing instrument was acknowledged before me this _____ day of _____, 20____ by Raoul Mosquera _____ who produced a _____ as identification.

Notary Public, State of Florida at Large
My Commission Expires:_____

SBA FORM 2128 (5-00)                                                                Page 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.: 6:15-CV-1369-Orl-37KRS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAOUL MOSQUERA, )<br>)<br>Defendant. )<br>_____ ) | **DECLARATION FOR ENTRY OF**<br>**DEFAULT JUDGMENT** |

Steven M. Davis, hereby applies to the Court for entry of a default judgment against Defendant Raoul Mosquera and declares as follows:

1. I am private counsel for the Middle District of Florida and in that capacity have been assigned to represent the interests of Plaintiff in the above captioned matter.

2. I hereby make application to this Court for entry of a default judgment as to Defendant, Raoul Mosquera pursuant to Rule 55(a), Federal rules of Civil Procedure and in support of this application state as follows:

a) The defendant was personally served with copies of Plaintiff's Summons and Complaint as provided by Rule 4(c)(1), Federal Rules of Civil Procedure.

b) The Defendant is neither an infant nor an incompetent person requiring special service in accordance with Rule 4(g), Federal Rules of Civil Procedure, and is not serving with the armed forces of the United States entitled to the protection of 50 U.S.C. App. Section 520.

c) The Defendant has neither answered nor otherwise responded formally to the Plaintiff's Summons and Complaint, and the time to do so has expired, pursuant to Rule 12(a), Federal Rules of Civil Procedure.

d) Defendant's default was entered by the Clerk of the Court on December 31, 2015.

3. The amount owed by Defendant is calculated as follows:

| Claim number | Interest rate | Principal | Interest | Total |
|---|---|---|---|---|
| DLB 84347040-08 | 2.90% | $7,763.40 | $2,539.11 | $10,302.51 |
| Fee for Service | | | | $45.00 |
| Attorney's Fees | | | | $980.00 |
| Total | | | | $11,327.51 |

4. Defendant is not entitled to any credits to his account from the date the complaint was filed until date hereof.

WHEREFORE, Plaintiff requests the Court to enter the judgment against Defendant and in favor of Plaintiff in the amount of $11,327.51, plus interest at the rate of 2.90% from January 4, 2016 to date of judgment and post judgment interest at the legal rate pursuant to 28 U.S.C. §1961.

I, Steven M. Davis, do hereby certify under penalty of perjury, pursuant to 28 U.S.C. §1746(2) that the above statements are true and accurate to the best of my knowledge and belief.

Dated: January 15, 2016
Miami, Florida

Respectfully submitted,

Steven M. Davis,
(Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
121 Alhambra Plaza – 10th Floor
Coral Gables, FL 33134
Telephone: (305) 262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff United States of America

ACTIVE: 8003488_1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.: 6:15-cv-1369-Orl-37KRS

UNITED STATES OF AMERICA,            )
                                     )
                Plaintiff,            )
        v.                            )
                                     )
RAOUL MOSQUERA,                       )
                                     )   **DEFAULT FINAL JUDGMENT**
                Defendant.            )
_____ )

This matter having come before the Court upon Plaintiff, United States of America's Motion for Entry of Default Final Judgment against defendant, Raoul Mosquera, and the Court having reviewed the pleadings submitted on behalf of the Plaintiff, and having further noted the entry of default as to the defendant for failure to answer or otherwise plead to the Summons and Complaint served by the plaintiff, and for good cause shown, it is hereby

ORDERED AND ADJUDGED that judgment is hereby entered in favor of Plaintiff, the United States of America, and against Defendant, Raoul Mosquera, upon the Complaint herein, and it is further

ORDERED AND ADJUDGED that Plaintiff recover of the defendant, Raoul Mosquera, the following sums:

| Claim number    | Interest rate | Principal  | Interest   | Total       |
| --------------- | ------------- | ---------- | ---------- | ----------- |
| DLB 84347040-08 | 2.90%         | $7,763.40  | $2,539.11  | $10,302.51  |
| Fee for Service |               |            |            | $45.00      |
| Attorney's Fees |               |            |            | $980.00     |
| Total           |               |            |            | $11,327.51  |

The Government is entitled to attorney's fees under 20 U.S.C. § 1091a(b)(1); <u>United States v. Vilus</u>, 419 F. Supp.2d 293, 296-97(E.D.N.Y. 2005). One of the statute's implementing regulations specifies that "[i]f a borrower defaults...the Secretary [i.e., the Government] assesses collection costs on the basis of 34 C.F.R 30.60." 34 C.F.R. § 685.202(e)(2). In turn, 34 C.F.R. § 3060 provides that the Government "may charge a debtor for the costs associated with the collection of a particular debt. These costs include...[c]ourt costs and attorney fees." 34 C.F.R § 30.60(a)(8) for all of which sums let execution issue. It is further

ORDERED AND ADJUDGED that this judgment shall bear interest at the rate as prescribed by 28 U.S.C. §1961, and shall be enforceable as prescribed by 28 U.S.C. § 2001, <u>et seq.</u>, 28 U.S.C. § 3001-3307, and Rule 69(a), Federal Rules of Civil Procedure. Plaintiff's address is: Becker & Poliakoff P.A., 121 Alhambra Plaza 10th Floor, Coral Gables, FL 33134. Defendant's address is: Raoul Mosquera, 625 Dartmouth Avenue, Melbourne, FL 32901.

DONE AND ORDERED in Chambers, in_____, FL, this \_\_\_day of _____, 2015.

                                                                **ROY B. DALTON**
                                                                **UNITED STATES DISTRICT JUDGE**

cc: Steven M. Davis, Esq.(Two Certified Copies)
Raoul Mosquera, Pro Se
ACTIVE: 8003888_1