# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Case No: 6:15-cv-1369-Orl-37KRS**

**RAOUL MOSQUERA,**

    **Defendant.**

## ORDER
(And Direction to the Clerk of Court)

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 7)**
>
> **FILED:** **January 15, 2016**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

> **MOTION:** **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 8)**
>
> **FILED:** **January 15, 2016**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff United States of America on behalf of the Small Business Administration ("SBA") seeks entry of a default judgment against Defendant Raoul Mosquera based on his guarantee of an SBA loan made to Del Sol Grille, L.C.[1]   Doc. No. 1.

The United States is not entitled to entry of a default judgment merely because a default has been entered against Defendant.  *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  Rather, the United States must present a memorandum of law setting forth the elements of the cause of action alleged and showing how the well-pleaded allegations of fact in the complaint establish each element.  "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *Id.* at 1206.  If liability is established, then the United States may rely on evidence to establish its damages.

In a renewed motion for a default judgment, the United States must also address whether demand was made on the Defendant, as guarantor, in addition to the demand made on Del Sol Grille, L.C. (Doc. No. 1-3), and, if no demand was made, show why a demand on the guarantor was not required.  The United States shall also discuss the relevant statute of limitations, which appears to be 28 U.S.C. § 2415(a), and provide legal authority showing whether this statute of limitations is an affirmative defense that may be waived by Defendant's failure to appear and respond to the complaint.  The United States shall also file a certified copy of the underlying promissory note setting forth the rate at which interest on the loan accrued.  Additionally, the United States shall present evidence establishing (1) the amounts advanced under the loan; (2) the amounts paid (if any) by the debtor or guarantor; (3) that the amounts the United States contends are due and owing were

---

[1] The complaint and attachments thereto refer to the entity interchangeably as "Del Sol Grill, LLC" and "Del Sol Grille, L.C."

appropriately charged[2]; and (4) "showing its work" regarding how the amounts alleged to be due and owing were calculated. Finally, the United States shall address why attorney's fees are appropriately awarded for work that is not required until after it receives a judgment in its favor.

The **Clerk of Court** is directed to mail a copy of this Order to Defendant at 625 Dartmouth Avenue, Melbourne, Florida 32901. Based on admonitions to counsel for the United States by the presiding district judge in this case and other judges of the Court,[3] the **Clerk of Court** is also directed to provide a copy of this Order to Assistant United States Attorney Anita Cream at her CM/ECF address of record.

**DONE** and **ORDERED** in Orlando, Florida on January 19, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[2] The complaint alleges a sum owed for administrative charges, but it appears that the United States is not seeking such charges as part of its damages. Counsel for the United States should address this discrepancy between the complaint and its evidence in a renewed motion for entry of a default judgment.

[3] *See, e.g., United States v. Anjal*, Case No. 6:14-cv-1952-Orl-41KRS, Doc. No. 16 (M.D. Fla. Oct. 1, 2015); *United States v. Albarran*, Case No. 6:14-cv-1129-Orl-37KRS, Doc. No. 12 (M.D. Fla. Feb. 5, 2015)(pointing out inaccuracies in counsel's calculation of the amount due and owing, including the calculation of variable interest rates).